*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-2144**

Linda G. Busby,
Relator,

vs.

Charter Communications, LLC,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed August 3, 2015**
**Affirmed**
**Toussaint, Judge**[*]

Department of Employment and Economic Development
File No. 32896858-3

Corey W. Kobbervig, St. Paul, Minnesota (for relator)

Charter Communications, LLC, c/o TALX UCM Services, Inc., St. Louis, Missouri (respondent)

Lee B. Nelson, Munazza Humayun, Minnesota Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

        Considered and decided by Reilly, Presiding Judge; Hooten, Judge; and Toussaint, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**TOUSSAINT**, Judge

Relator challenges the decision of the unemployment-law judge (ULJ) that she is ineligible for unemployment benefits because she was discharged for employment misconduct. Because substantial evidence supports the ULJ's findings and because such conduct is disqualifying misconduct, we affirm.

**D E C I S I O N**

The sole issue is whether relator's conduct constituted employment misconduct under Minn. Stat. § 268.095, subd. 4(1) (2014). The ULJ determined that it did constitute misconduct.

We review the ULJ's factual findings in the light most favorable to the decision, *Schmidgall v. FilmTec Corp.*, 644 N.W.2d 801, 804 (Minn. 2002), and will not disturb the ULJ's factual findings when the evidence substantially sustains them, Minn. Stat. § 268.105, subd. 7(d) (2014). But whether an act constitutes employment misconduct is a question of law, which we review de novo. *Stagg v. Vintage Place Inc.*, 796 N.W.2d 312, 315 (Minn. 2011).

An applicant who was discharged for employment misconduct is ineligible for unemployment benefits. Minn. Stat. § 268.095, subd. 4(1). "Employment misconduct" is, in relevant part, "any intentional, negligent, or indifferent conduct" that displays clearly "a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee." Minn. Stat. § 268.095, subd. 6(a) (2014).

Relator worked as a call center representative for respondent Charter Communications, LLC from March 2013 to September 2014. She was discharged based on inappropriate conduct and policy violations during customer calls on August 15 and 28, 2014.

The ULJ credited the testimony of the employer's witnesses and determined that the employer had reasonable policies for handling unruly customers and dropped calls, relator did not follow those policies, and her conduct "showed clearly a serious violation of the standards of behavior the employer has a right to reasonably expect of the employee." The ULJ also determined that the policies "reflect behaviors a call center could reasonably expect its [call center representatives] to take when dealing with customers, even in the absence of a formal, written policy."

Specifically, with respect to the August 15 call, the ULJ found that relator made no attempt to de-escalate before hanging up on a customer.

> [Relator] was dealing with a customer who was frustrated with his video service, but was not being belligerent with [relator] directly. . . . The customer said, "ah, sh-t," under his breath, but did not direct any hostility or profanity at [relator] directly. [Relator] said that she did not have to listen to that kind of talk, and hung up on the customer.

With respect to the August 28 call, the ULJ found that relator "was initially sarcastic with a customer calling to report a problem" and later hung up on that customer, erroneously believing that the call had been disconnected. But relator neither verified that the call had been disconnected nor reported the dropped call to a supervisor as required by policy. These findings are supported by the record, and support the conclusion that relator

displayed clearly a serious violation of the standards of behavior the employer has the right to reasonably expect.

Refusing to follow an employer's reasonable policies and requests generally constitutes employment misconduct. *Schmidgall*, 644 N.W.2d at 804. We have also concluded that rude or offensive conduct toward customers can be employment misconduct. *See Montgomery v. F & M Marquette Nat'l Bank*, 384 N.W.2d 602, 605 (Minn. App. 1986) (concluding that evidence that employee became angry with a customer and "'slammed' down the phone" supported a finding of misconduct), *review denied* (Minn. June 13, 1986).

Relator argues that she received no training on the relevant policies and in fact was instructed by supervisors to hang up on unruly customers. But she acknowledges that the policies were available online and that she had received at least some training. And witnesses testified that relator had previously handled difficult calls in compliance with the policies.

Relator argues that, at most, she made good-faith errors in judgment. Good-faith errors in judgment—if judgment is required—are not employment misconduct. Minn. Stat. § 268.095, subd. 6(b)(6) (2014). But even if judgment was required with respect to ending these two calls, no judgment was required with respect to whether it was acceptable to treat customers in a confrontational and sarcastic manner. And the ULJ did not believe that the first caller had been aggressive or that technical difficulties explained relator's handling of the second dropped call. "Credibility determinations are the

4

exclusive province of the ULJ and will not be disturbed on appeal." *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 345 (Minn. App. 2006).

Reviewing the factual findings in the light most favorable to the decision and deferring to the ULJ's credibility determinations, substantial evidence supports the ULJ's findings that relator did not follow her employer's reasonable policies in handling customer calls in two separate incidents and that her treatment of customers was unacceptable. These incidents support the ULJ's conclusion that relator showed clearly a serious violation of the standards of behavior her employer has a right to reasonably expect.

**Affirmed.**